## A. R. CHANDLER v. B. F. BRIDGES.

### Decided May 4, 1910.

**1.—Slander—Charge of Theft—Justification—Pleading and Proof.**

In action for slander by publicly charging plaintiff with theft, and wherein the defendant plead the truth of the charge in justification, pleading and evidence considered and held to raise an issue of fact under the provisions of art. 877 of the Penal Code concerning theft by bailee, which should have been submitted to the jury for determination.

**2.—Same—Bailment—Theft.**

If A. delivers property to B. to hold as a pledge or security for debt, and thereafter fraudulently takes the property from the possession of B. without his consent and with intent to deprive him of its value and to appropriate it to A.'s use and benefit, he is guilty of theft; and if in such case A. obtains the possession from B. by fraudulently agreeing that he would hold the property for B.'s benefit, and thereafter disposes of it for his own use and benefit without B.'s consent and with the intent to deprive him of the value of the same, he would be guilty of theft as bailee.

Appeal from the District Court of Shelby County. Tried below before Hon. James I. Perkins.

*F. P. Brewer* and *James A. Breeding,* for appellant.—Where the complaint alleges that the defendant accused plaintiff of being a thief, defendant can justify by alleging and proving specific acts amounting to larceny on the part of the plaintiff. The truth of an alleged libelous statement is a complete and absolute defense to an action therefor. Patten v. Belo, 79 Texas, 46; Democratic Publishing Co. v. Jones, 83 Texas, 308; Nettles v. Somervell, 6 Texas Civ. App.,

627; Brown v. Durham, 3 Texas Civ. App., 244; Kuhn v. Young, 78 Texas, 346.

*Bryarly, Carter & Walker,* for appellee.—Where defendant admits that he had charged the plaintiff with the commission of a crime and fails to plead and prove the charge, the plaintiff is entitled to a verdict for some actual damages and it is proper for the court to so instruct the jury. Zeliff v. Jennings, 61 Texas, 458; Democratic Pub. Co. v. Jones, 83 Texas, 302; Coles v. Thompson, 27 S. W., 46; Cranfill v. Hayden, 97 Texas, 544.

PLEASANTS, CHIEF JUSTICE.—This is an action to recover damages for slander and libel brought by the appellee against the appellant. The petition contains two counts. In the first it is charged, in substance, that defendant wilfully, maliciously and falsely, and with the intent to injure plaintiff, on divers and sundry occasions and in the presence of various persons, a number of whom are named in the petition, publicly denounced plaintiff as a thief and a forger and charged him with the crimes of theft and forgery. Several dates and places are named when and where it is alleged defendant was guilty of making said false and slanderous charges against plaintiff. The damages sought to be recovered on this count are $4000 actual and $5000 exemplary. The second count charges libel in the publication by defendant in the Daily News, a newspaper published in the town of Center, Shelby County, of two articles falsely charging plaintiff with the crime of forgery. On this count plaintiff asked to recover $1000 actual and $5000 exemplary damages.

The defendant answered by general and special exceptions, the nature of which it is unnecessary to here state, and by general denial, and special pleas in which the truth of the charges alleged to have been made against plaintiff is averred. The special plea setting up the truth of the charge of theft by plaintiff is as follows:

"This defendant further says, alleges and charges, that if it is true that this defendant ever said of and concerning the said plaintiff, B. F. Bridges, in the town of Center or elsewhere, in the presence of divers good citizens or in the presence of anyone, that 'he (meaning plaintiff) is a thief,' the said statement or assertion so made, if made at all, by this defendant, is true. That the said plaintiff has been guilty during the time he has lived in Shelby County, Texas, of acquiring property under such circumstances as that the acquisition thereof comes within the meaning of the term theft. That particularly, heretofore some time during the year 1904 or about that time, the said plaintiff, B. F. Bridges, borrowed from this defendant a large sum of money, to wit, about the sum of $1700, for which the said plaintiff then and there made, executed and delivered to this defendant his certain promissory note. That to secure the said note plaintiff then and there being the owner of a large lot of lumber then and there located and situated at the mill and on the mill yards of one B. A. Barnes, in Shelby County, Texas, delivered the corporal possession of same to this defendant. That the said lumber amounted in value to about $2000, and all of the same

was assigned and delivered by plaintiff to this defendant to secure to this defendant the payment of the said note and interest. That after the execution and delivery of the said note to this defendant by plaintiff as aforesaid, and after the said lumber had been delivered to this defendant to secure the payment of same, and after the said Barnes had been notified of the transfer and delivery of the said lumber to this defendant, the said plaintiff endeavored to have the said Barnes deliver the same to him (plaintiff), which the said Barnes refused to do without an order or instructions from this defendant; and this defendant says that thereupon the said plaintiff came to him stating that he was the owner of a planer (which this defendant knew) and that he (plaintiff) could make good money out of the lumber, increase this defendant's security, and also be able to pay all the debt of this defendant if defendant would let plaintiff take said lumber and dress the same at his planer. And the said plaintiff then and there as an inducement to defendant to turn said lumber over to him, did then and there falsely, fraudulently and with intent to deprive defendant of the value of said lumber and his said security, and to appropriate same to his (plaintiff's) own use and benefit, promised and agreed to dress said lumber and hold the same subject to the order of this defendant, and the said plaintiff did thereby prevail on this defendant to turn the said lumber over to him to be dressed and stacked ready for market. That this defendant then and there delivered the said lumber to plaintiff for the sole purpose to have the same dressed, and the said plaintiff then and there promised and agreed with this defendant to dress the said lumber and hold the same subject to the order of this defendant until said note and all interest thereon was paid. That on the said conditions, and none other, the said lumber was delivered to said plaintiff by this defendant, and this defendant says the said plaintiff then and there under the said agreement became the bailee of the said lumber for the sole purpose stated. But this defendant says and charges that the said representations and promises so made by plaintiff that he would dress said lumber and hold same subject to the order of this defendant, were false, and the same were falsely and fraudulently made for the purpose and with the view of getting hold of the said lumber, and that he (plaintiff) never intended to hold same subject to the order of this defendant; but defendant says that the said plaintiff, being then and there in the possession of said lumber as bailee only, appropriated the same to his own use and benefit without the consent of this defendant who was bailor thereof, and without the consent of any other person authorized to give such consent; and thereafter he, the said plaintiff Bridges, sold the lumber and appropriated to his own use and benefit the proceeds of same; wherefore, and by reason of all which, this defendant says and charges that if this defendant ever used of and concerning plaintiff the language alleged in the petition the same is true as there alleged. This defendant prays that he have judgment, that he go hence without day, that he recover his cost."

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff for $600 actual and $400 exemplary

damages on the count for slander, and $300 actual and $200 exemplary damages on the count for libel.

The undisputed evidence shows that the defendant made and published the statements concerning plaintiff as alleged in the petition, and there is ample evidence to sustain the findings of the jury that both the charges of theft and forgery were false and were wilfully and recklessly made by the defendant for the purpose of injuring the plaintiff. In support of his plea that the charge that plaintiff was a thief was true, defendant testified as follows:

"I have known B. F. Bridges, the plaintiff, thirty or thirty-five years. I have loaned the plaintiff, B. F. Bridges; the first money I loaned him was on the 2d day of January, 1902. I let him have $1000 at that time; for the loan of that money B. F. Bridges pledged me a lumber bill that he held against B. A. Barnes for $1700 worth of lumber at $8 per thousand feet to be delivered at his planer; that was what we call a lumber note, an obligation to deliver lumber, and Bridges delivered that lumber note to me; I loaned him $1000 on the strength of that lumber note, and in a few days he came to me and told me that the lumber bill was good for $500 more and asked me would I let him have as much as $500 more, and I told him it was good and he could get the $500 more, and I let him have the $500 more. I did not take any additional security, nothing only the $1700 claim. I still held this lumber note, and after Bridges had gotten the $1500 I had notified Mr. Barnes that I held that claim and not to deliver that lumber to him, and when he got the $500, in a few days after that, he demanded Barnes to deliver that lumber and Barnes told him that he couldn't do it, that I had forbid him doing it, and he came to me and says, 'Barnes says you forbid him delivering that lumber,' and I told him I had. I says: 'Bridges, you gave me that claim to secure that $1500.' 'Well, he says, 'That is all right,' says, 'I will tell you what I will do; it is big money to me to dress that lumber! I can make $5 per thousand feet dressing it, and if you will let it come on to my mill, I will dress it and stack it out in the yard subject to your debt.' I says: 'Well, Bridges, if you will do that that is all right.' So I notified Barnes to deliver him the lumber, thinking if he dressed it and stacked it out there it would be more valuable to me than it was rough. I continued to hold that lumber note. I don't know what became of that lumber, when I went down to look at it I couldn't find it, there was not any there, not a piece there; I went down to Bridges' planer to look for it; that was before he sold out his machinery. I don't know exactly how long before, six or eight months before, I guess. I never delivered to Mr. Bridges or authorized the delivery to him of the actual property in this lumber. I gave him the authority to dress it and stack it for me for my debt."

Plaintiff admitted that he sold the lumber received from Barnes on this "lumber note," and that he failed to pay defendant the full amount borrowed from him, but denied that he had received the lumber under any agreement with the defendant to hold it for him, and claimed that it was understood between him and defendant when the lumber was delivered by Barnes that it should become a part of

the general stock in plaintiff's yard and be sold by him in the usual course of business, and it was so sold.

Plaintiff excepted to the plea of defendant before set out on the ground that the facts therein stated are not sufficient to sustain the charge of theft. It does not appear affirmatively in the record that this exception was acted upon by the court, but in submitting the case to the jury the court charged that the evidence was insufficient to sustain the truth of the charge that plaintiff was a thief, and that it having been admitted that said charge was made by the defendant, the jury should "find some damages for plaintiff on this ground or branch of the case." He further charged on this subject as follows:

"In connection, however, with the above instruction that the evidence does not show the commission of theft by Bridges and that therefore you must find some actual damages for plaintiff for and on account of defendant's admitted act of calling him a thief, yet in estimating and assessing the amount of exemplary damages, if any you find in this regard, you may consider the evidence in relation to the Barnes lumber transaction, and if you believe from such evidence that Bridges was guilty of deceit, bad faith, or wrongdoing, in said transaction toward Chandler, and to Chandler's injury, then, in such case, you may consider the provocation, if any, to Chandler resulting from such acts of Bridges in mitigation or reduction of the exemplary damages, if any, you might otherwise assess and allow for Chandler's act of calling him a thief; but you can not consider same in assessing the actual damages, if any, suffered by plaintiff therefrom."

Under appropriate assignments of error the appellant complains of the action of the court in taking from the jury the issue of the truth of the defendant's charge that plaintiff was guilty of theft. We think this issue was raised by the pleading and evidence and therefore it should have been left to the jury to determine whether said charge was true.

Article 877 of the Penal Code, Revised Statutes 1895, is as follows: "Any person having possession of personal property of another by virtue of a contract of hiring or borrowing or other bailment, who shall, without the consent of the owner, fraudulently convert such property to his own use with intent to deprive the owner of the value of same, shall be guilty of theft, and shall be punished as prescribed in the Penal Code for theft of like property."

If the allegations of the plea which are sustained by the testimony of the defendant are true, defendant was entitled to the possession of the property as mortgagee or pledgee, and if the plaintiff fraudulently and with the intent of depriving the defendant of the value of said property induced defendant to have it delivered to him by Barnes under an agreement and promise on his part to dress it and hold it for defendant, he became a bailee for the defendant; and if without the consent of the defendant he converted the property to his own use with the intent to deprive the defendant of the value of same, he would be guilty of theft under the article of the Penal Code before set out. When the lumber note became due and Barnes delivered the lumber called for therein, plaintiff being the owner of the note, became the real owner of the lumber; but the note having

been transferred to defendant as collateral to secure plaintiff's debt to him, upon the delivery of the lumber by Barnes defendant as mortgagee or pledgee had the legal right to hold the lumber in lieu of the note as security for his debt. According to the defendant's testimony, his right to the possession of the lumber was acknowledged by plaintiff and the possession of the lumber was obtained by plaintiff under the agreement before mentioned, that he would hold it for defendant. Article 864 of the Penal Code declares that one may be guilty of theft of property belonging to himself in all cases where the person so deprived of possession is at the time of taking lawfully entitled to the possession thereof as against the true owner.

If A delivers property to B to hold as a pledge or security for debt, and thereafter fraudulently takes the property from the possession of B without his consent and with the intent to deprive him of its value and to appropriate it to A's use and benefit, he is clearly guilty of theft; and if in such case A obtains the possession from B by fraudulently agreeing that he would hold the property for B's benefit, and thereafter fraudulently disposes of it for his own use and benefit without B's consent and with the intent to deprive him of the value of same, he would be guilty of theft as bailee.

This conclusion requires a reversal of that portion of the judgment which awards plaintiff $1000 damages on his count for slander.

All of the remaining assignments of error contained in appellant's brief have been duly considered and none of them, in our opinion, present any error.

For the reason stated, that portion of the judgment giving plaintiff $1000 damages for the alleged slanderous statements made by the defendant is reversed and the cause remanded for a new trial on this claim. The judgment for $500 in plaintiff's favor for damages for libel is affirmed.

*Reversed and remanded in part; affirmed in part.*